**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SANDRA L. SCHROEDER,** | ) | **CASE NO. 1:11CV2279** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

      This matter comes before the Court upon Plaintiff's Objections (ECF DKT #21) to the Report and Recommendation Decision (ECF DKT #20) of Magistrate Judge Armstrong, that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits under Title II of the Social Security Act. Upon consideration of the Motions, Report and Recommendation, Objections, Exhibits, and applicable law, the Court ADOPTS Magistrate Judge Armstrong's Report and Recommendation to AFFIRM the Commissioner's denial of Plaintiff's Claim for Disability Insurance Benefits.

## I. BACKGROUND[1]

Plaintiff filed an application for Disability Insurance Benefits (DIB) on October 27, 2006, alleging that she became unable to work on August 15, 2006. The application was denied initially and again upon reconsideration. Plaintiff requested and had a *de novo* hearing in front of Administrative Law Judge (ALJ) Alfred V. Lucas on October 29, 2009. At the hearing, the ALJ heard testimony from both Plaintiff and a medical expert (ME), Dr. Hershel Goren. On March 11, 2010 the ALJ again heard testimony at a supplemental hearing, this time from Plaintiff and a vocational expert (VE). On March 26, 2010, the ALJ decided that Plaintiff was not entitled to DIB. The Appeals Council denied review of the ALJ's decision on August 24, 2011 and the ALJ's decision became the Commissioner's final decision. Plaintiff initiated this action pursuant to 42 U.S.C. § 405(g) on October 25, 2011. Magistrate Judge Armstrong issued a Report and Recommendation on October 16, 2012 recommending that the Court affirm the Commissioner's decision denying Plaintiff's Claim for DIB.

At step four of the five step evaluation under 20 C.F.R. § 404.1520, the ALJ considered Plaintiff's residual functional capacity to perform a full range of light work limited to lifting, carrying, pushing and pulling twenty pounds occasionally and ten pounds frequently, sitting for six hours and standing and/or walking for six hours in a normal workday, limited to simple, repetitive tasks, low stress work that did not involve high production quotas, and assembly line work or piece rate work. Then, at step five, based in

---

[1] Due to the nature of this case, there is an extensive factual background. For a complete overview of Plaintiff's medical history, see Magistrate Judge Armstrong's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

part on the testimony of the VE and ME, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. In doing so, the ALJ evaluated contradictions between the VE's testimony and the Dictionary of Occupational Titles (DOT), and the opinions of the ME and the treating pain specialist, Dr. Bharat Shah.

## II. STANDARD OF REVIEW

### A. Civil Rule 72(b) Standard

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party. *Thomas v. Arn* 474 U.S. 140, 150 (1985).

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

### B. Review of a Final Administrative Decision of the Commissioner

A district court reviews the final administrative decision of the Commissioner made by an ALJ in a Social Security action under the substantial evidence standard. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence

standard requires more than a scintilla, but less than a preponderance of the evidence. *Norman v. Astrue*, 694 F. Supp. 2d 738, 740-741 (N.D. Ohio 2010).  To determine whether substantial evidence exists to support the ALJ's decision, a district court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Id.* (citing *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).  Further, a district court must not focus, or base its decision, on a single piece of evidence.  Instead, a court must consider the totality of the evidence on record.  *Id.* (*see Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978)).  In fact, if there is conflicting evidence, a district court generally will defer to the ALJ's findings of fact.  *Id.*

The Sixth Circuit instructs that "[t]he substantial evidence standard allows considerable latitude to administrative decision makers.  *Id.*  It presupposes that there is a zone of choice within which the decision maker can go either way without interference by the courts."  *Id.* (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (internal citations omitted)).  Accordingly, an ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."  *Id.* (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)).  However, even if an ALJ's decision is supported by substantial evidence, that decision will not be upheld where the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Id.* (citing *Bowen*, 478 F.3d at 746).

### III. LAW AND ANALYSIS

In response to the Magistrate Judge's Report and Recommendation, Plaintiff filed

Objections regarding three primary issues.  ECF DKT #21.  Defendant responded without objection, stating that "[t]he Commissioner believes that the Magistrate Judge correctly applied the pertinent law" and, therefore, "Defendant stands on the merits of their brief and requests that this Court adopt the Magistrate Judge's Report and Recommendation."  ECF DKT #22, at 1-2.

**A. Plaintiff's Objection With Respect to Affirming the ALJ's Reliance on the Hypothetical Question Based on the ALJ's Residual Functional Capacity Assessment**

In the Report and Recommendation, the Magistrate Judge held that "the ALJ properly accounted for Plaintiff's mental and physical limitations that he found to exist on the record, which is all he was bound to do" and that "[t]he ALJ was not required to include a finding that Plaintiff could perform piece work into a hypothetical question posed to the VE."  ECF DKT #20, at 30.  Plaintiff objects to this holding.

Plaintiff bases her objection on four considerations.  First, Plaintiff argues that the Magistrate Judge acknowledged that a hypothetical question to a VE must be complete and accurate for a VE's response to carry the Commissioner's burden. ECF DKT #21, at 2-3. Second, Plaintiff argues that the Magistrate Judge improperly recommended excusing the omission of the ALJ's piece-rate work finding in his residual functional capacity (RFC) assessment from the hypothetical question.  This is neither a complete statement of the law nor a full statement of the Magistrate Judge's rationale.  In describing the relationship between the RFC and the hypothetical question, the Sixth Circuit has held that:

> [Plaintiff's] RFC is to be an "assessment of [her] remaining capacity for work" once her limitations have been taken into account.  It is an assessment of what [Plaintiff] can and cannot do, not what she does and does not suffer from. The hypothetical question posed to a VE for purposes of determining whether

> [Plaintiff] can perform other work, on the other hand, should be a more complete assessment of her physical and mental state and should include an "accurate[] portray[al] [of her] individual physical and mental impairment[s]." Thus, while the RFC should focus on [Plaintiff's] abilities or, in other words, what [Plaintiff] can and cannot do, the hypothetical question should focus on [Plaintiff] *overall state* including [Plaintiff's] *mental and physical* maladies.

*Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002) (internal citations omitted) (emphasis added). Thus, the issue is not whether the hypothetical question must necessarily contain each and every element of the RFC as Plaintiff argues. Rather, the issue is whether the hypothetical question accurately describes the Plaintiff's "overall state including . . . mental and physical maladies." *Id.* In this vein, the Magistrate Judge appropriately analyzed the issue:

> Piece work is a type of employment that supports performance related pay. It neither focuses on one's abilities nor one's physical and mental impairments. The ALJ properly accounted for Plaintiff's mental and physical limitations that he found to exist on the record, which is all he was bound to do. The ALJ was not required to include a finding that Plaintiff could perform piece work into a hypothetical question posed to the VE.

ECF DKT #20, at 30. Therefore, the ALJ's failure to include piece-rate work in his hypothetical question was not in error.

Plaintiff next argues that the Magistrate Judge improperly recommended that the Court find that the ALJ did not understand RFC. ECF DKT #21, at 3-6. Plaintiff reasons that "[b]ecause the Magistrate judge accepted that the ALJ's hypothetical question was inaccurate and incomplete judged by the standard of the ALJ's own [RFC] assessment, the Magistrate Judge should have recommended that the Court reverse the ALJ's decision with a remand for a rehearing, i.e., for the posing of an accurate and complete hypothetical question." ECF DKT #21, at 3. For the reasons set forth in the preceding paragraph, the Magistrate Judge did

not accept ALJ's RFC assessment as inaccurate and incomplete. Rather, the Magistrate Judge correctly held that it was not necessary that the ALJ include piece-rate work in his hypothetical question and that the hypothetical question posed to the VE properly related to the "overall state" of the Plaintiff.

Lastly, Plaintiff argues that she properly refuted Defendant's arguments. Again, the crux of Plaintiff's argument is that "the Court should remand for the posing of an accurate and complete hypothetical." *Id.* at 6. For the reasons given above, the ALJ did not err in posing the hypothetical question to the VE and therefore, the Court does not find remand necessary.

**B. Plaintiff's Objection With Respect to Affirming the ALJ's Decision regarding Dr. Shah**

Plaintiff next objects to the Magistrate Judge's Recommendation to affirm the ALJ's rejection of treating physician Dr. Shah's opinion that Plaintiff could reach below the shoulder level only occasionally. *Id.* Plaintiff bases this objection on six arguments.

First, Plaintiff suggests that the "Magistrate Judge erroneously stated that Dr. Shah opined that [Plaintiff] was 'precluded from reaching.'" *Id.* at 7. However, the Magistrate Judge merely stated that "there was no medically determinable basis on which Dr. Shah *could* find that Plaintiff was precluded from reaching." ECF DKT #20, at 34 (emphasis added); *see also id.* at 18. Thus, the Magistrate Judge did not find that Dr. Shah actually made such a statement. Rather, the Magistrate Judge merely evaluated the basis for Dr. Shah's opinions.

Plaintiff next argues that there was a medically determinable impairment that could justify Dr. Shah's opinion about reaching. ECF DKT #21, at 7. Plaintiff first states that Defendant did not dispute that substantial evidence does not support the ALJ's rejection of

Dr. Shah's opinions. *Id.* This is both irrelevant and incorrect. Defendant clearly states "[t]he ALJ reasonably found that Dr. Shah's requirement that Plaintiff sit and stand at 1-hour intervals, and occasionally reach, was not supported by the objective evidence of record." ECF DKT #18, at 14.

Third, Plaintiff contends that her cervical-spine condition did in fact provide the objective basis for Dr. Shah's opinion about reaching. ECF DKT #21, at 7. Whether or not Plaintiff's argument has merit is not an issue for this Court. Instead, the substantial evidence standard only requires this Court to determine whether substantial evidence supports the conclusion reached by the ALJ. *Norman v. Astrue*, 694 F. Supp. 2d at 740-741. In this case, there is ample evidence to support the ALJ's findings. These have been noted throughout the record, but of particular note, in the Magistrate Judge's Report and Recommendation. *See* ECF DKT #20, at 2-23.

Plaintiff next argues that the Magistrate Judge's Recommendation to affirm the ALJ's rejection is in error because "the ALJ erroneously failed to address all of the relevant factors set forth in 20 C.F.R. § 404.1527(c) (2012), including the nature and extent of Dr. Shah's treatment and Dr. Shah's expertise." ECF DKT #21, at 8. In support of this argument, Plaintiff cites to *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004), where the decision of the Commissioner was reversed "because the agency failed to follow its own procedural regulation." *Wilson*, 378 F.3d at 544. According to the Sixth Circuit in *Wilson*,

> [20 C.F.R. § 404.1527(d)(2)] contains a clear procedural requirement: "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion." *Id.* A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently

-8-

>specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5 (1996).

*Id.* Although specific reasons must be given, there is no requirement that all relevant factors must be addressed, as Plaintiff alleges. The Magistrate Judge set out in extensive detail her findings regarding the ALJ's determination of the weight that should be given to Dr. Shah. ECF DKT #20, at 31-33. The Magistrate Judge properly concluded:

>The Magistrate cannot reject the ALJ's succinct, yet well-reasoned findings that support a conclusion that Dr. Shah's opinions were not adopted as a whole where it is apparent that there was no medical evidence to support Dr. Shah's assertions. The ALJ stated a correct legal standard for conducting the review of Dr. Shah's opinions appropriate for consideration of the objective medical evidence in the record. Ultimately, the ALJ has good cause to discount Dr. Shah's opinions, in part, assign them little or no weight and attribute more weight to Dr. Shah's opinions that were supported by medically acceptable clinical, laboratory or diagnostic techniques in the record.

*Id.* at 32-33. Therefore, the ALJ properly met his burden.

Fifth, Plaintiff argues that the Magistrate Judge did not address the ALJ's failure to identify activities in which Plaintiff was engaged in occasional reaching when he rejected Dr. Shah's opinion based on Plaintiff's "wide range of daily activities." ECF DKT #21, at 8. This argument is also without merit. First, the ALJ did not make his determinations solely based on Plaintiff's wide range of daily activities. It is clear that the ALJ used the totality of the evidence, including medical evidence, as described above. Furthermore, "the ALJ did not err in failing to expressly describe a consideration of Plaintiff's limitation regarding overhead work because the ALJ included a limitation for occasional reaching in a hypothetical question posed to the VE (Docket No. 13, pp. 62-63 of 731)." ECF DKT #20, at 34. As a final note, the ALJ gave a reasonable explanation regarding the reaching conflict between the VE and

the DOT, and based on these determinations, justifiably found that the jobs proposed by the VE required only occasional reaching.  Therefore, Plaintiff's contention that the ALJ erroneously rejected Dr. Shah's opinion based on Plaintiff's wide range of daily activities does not withstand the substantial evidence analysis.

Lastly, Plaintiff sets forth the harm caused by the allegedly erroneous findings by the ALJ.  However, because this Court finds that the ALJ's findings were not erroneous, there can be no subsequently related harm.

**C. Plaintiff's Objection With Respect to Amending the Record**

Plaintiff's final objection is to the Magistrate Judge's holding that remand to correct the administrative record is inappropriate.  Plaintiff alleges that the Magistrate Judge misunderstood the issue, and that Plaintiff does not seek remand.  Plaintiff, however, still fails to provide what relief is sought, and it is not clear what other relief is even available.  Furthermore, as pointed out by the Magistrate Judge, "[t]he ALJ referred to the written argument and attachments as Exhibit 15E when rendering the final decision" and "[s]ince the ALJ already considered counsel's letter and exhibit and the submission is neither new or material, remand for rehearing to officially incorporate counsel's letter and exhibit into the record, will not yield different results."  ECF DKT #20, at 28-29.  Thus, correcting the administrative record is a moot point.

## IV. CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #20) is ADOPTED and the Commissioner's denial of Plaintiff's Claim for Disability

Insurance Benefits is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: \_\_\_3/4/13_____**


  s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**